Last revised: August 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
QAISAR A. BHATTI

Case No.: 17-29232

Judge: Meisel

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original          ☒ Modified/Notice Required          Date: 11/10/2017

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: *[signed]*          Initial Debtor: QB          Initial Co-Debtor: _____

**Part 1:  Payment and Length of Plan**

a. The debtor shall pay $ __245.00__ per __month__ to the Chapter 13 Trustee, starting on __December 1, 2017__ for approximately __34__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,000.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | N/A |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| DiTech Financial LLC | Mortgage on Residence at: 196 Griffith Street, Jersey City, NJ 07307 | $3,711.95 | $226.00 | $3,937.95 | $2,180.52 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☐ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Rapid Funding NYC LLC | Taxi Medallion | $250,000.00 | $505,000.00 |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

Bank of America

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Ahammad Ali Shaik & Naseemun Nisa | $0.00 | Residential Lease with Tenant | Assuming the Lease | $1,500.00 |

6

**Part 7:  Motions ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority/Administrative Claims
3) Secured Claims
4) Unsecured Debt

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

8

**Part 9:    Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 09/22/2017

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The plan is being modified to treat the arrearage claim of DiTech mortgage and to treat the lease with the tenant through the plan. | The plan is assuming the lease and the arrears owed to the first mortgage holder. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 11/10/17

_____
Attorney for the Debtor

Date: 11/10/17

_____
Debtor

Date: 11/10

_____
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 11/10/17

_____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 11/10/17

_____
Debtor

Date: _____

_____
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Qaisar A. Bhatti  
    Debtor

Case No. 17-29232-SLM  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 2    Date Rcvd: Nov 14, 2017
                       Form ID: pdf901    Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 16, 2017.

```
db             +Qaisar A. Bhatti,   196 Griffith Street, 2nd Floor,   Jersey City, NJ 07307-2927
cr             +BANK OF AMERICA, N.A.,   Phelan Hallinan & Schmieg, PC,   400 Fellowship Road,   Suite 100,
                 Mt. Laurel, NJ 08054-3437
517080642      +Amex,   Po Box 297871,   Fort Lauderdale, FL 33329-7871
517080641      +Amex,   Correspondence,   Po Box 981540,   El Paso, TX 79998-1540
517080643     #+Bank Of America,   Nc4-105-03-14,   Po Box 26012,   Greensboro, NC 27420-6012
517080644      +Barclays Bank Delaware,   100 S West St,   Wilmington, DE 19801-5015
517080646      +Capital One,   Attention: Bankruptcy,   Po Box 30285,   Salt Lake City, UT 84130-0285
517080645      +Capital One,   Attn: Bankruptcy,   Po Box 30253,   Salt Lake City, UT 84130-0253
517080647      +Chase Card,   Attn: Correspondence Dept,   Po Box 15298,   Wilmington, DE 19850-5298
517080648      +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   Po Box 790040,
                 Saint Louis, MO 63179-0040
517080649      +Citibank/The Home Depot,   Citicorp Cr Srvs/Centralized Bankruptcy,   Po Box 790040,
                 S Louis, MO 63179-0040
517080650      +Citicards Cbna,   Citicorp Credit Svc/Centralized Bankrupt,   Po Box 790040,
                 Saint Louis, MO 63179-0040
517085170      +Citizens Bank N.A.,   1 Citizens Drive Mailstop ROP15B,   Riverside, RI 02915-3019
517080651     ++DELL FINANCIAL SERVICES,   P O BOX 81577,   AUSTIN TX 78708-1577
                (address filed with court: Dell Financial Services,   Attn: Bankruptcy,   Po Box 81577,
                 Austin, TX 78708)
517080654      +Peoples Bk Credit Card Services,   Attn: Bankruptcy,   Po Box 7092,   Bridgeport, CT 06601-7092
517080655      +Rapid Funding NYC LLC,   657 10th Avenue,   New York, NY 10036-2913
517117694      +TD BANK, NA,   Attn: Richard J. Tracy III,   30 Montgomery St.,   Ste. 1205,
                 Jersey City, NJ 07302-3835
517080661     ++US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
                (address filed with court: US Bank/Rms CC,   Card Member Services,   Po Box 108,
                 St Louis, MO 63166)
517080662      +Visa Dept Store National Bank/Macy's,   Attn: Bankruptcy,   Po Box 8053,   Mason, OH 45040-8053
517080663      +Wells Fargo Bank,   Po Box 10438,   Macf8235-02f,   Des Moines, IA 50306-0438
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 14 2017 22:31:18     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 14 2017 22:31:17     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Nov 14 2017 22:32:41
                 Synchrony Bank, c/o PRA Recievables Management, LL,   POB 41021,   Norfolk, VA 23541-1021
517102164       E-mail/Text: mrdiscen@discover.com Nov 14 2017 22:31:04     Discover Bank,
                 Discover Products Inc,   PO Box 3025,   New Albany, OH 43054-3025
517102346       E-mail/Text: mrdiscen@discover.com Nov 14 2017 22:31:04     Discover Bank,
                 Discover Products Inc,   PO Box 3025,   New Albany Ohio 43054-3025
517080652      +E-mail/Text: mrdiscen@discover.com Nov 14 2017 22:31:04     Discover Financial,   Po Box 3025,
                 New Albany, OH 43054-3025
517080653      +E-mail/Text: bankruptcy.bnc@ditech.com Nov 14 2017 22:31:12     Ditech,   Attn: Bankruptcy,
                 Po Box 6172,   Rapid City, SD 57709-6172
517116484       E-mail/Text: bankruptcy.bnc@ditech.com Nov 14 2017 22:31:12
                 Ditech Financial LLC fka Green Tree Servicing LLC,   P.O. Box 6154,
                 Rapid City, South Dakota 57709-6154
517080656      +E-mail/Text: bkdepartment@rtresolutions.com Nov 14 2017 22:31:20     Real Time Resolutions,
                 Attn: Bankruptcy,   Po Box 36655,   Dallas, TX 75235-1655
517082648      +E-mail/PDF: gecsedi@recoverycorp.com Nov 14 2017 22:32:24     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
517080657      +E-mail/PDF: gecsedi@recoverycorp.com Nov 14 2017 22:32:24     Synchrony Bank/ JC Penneys,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517080658      +E-mail/PDF: gecsedi@recoverycorp.com Nov 14 2017 22:32:32     Synchrony Bank/Lowes,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517080659      +E-mail/PDF: gecsedi@recoverycorp.com Nov 14 2017 22:32:32     Synchrony Bank/Walmart,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517080660       E-mail/Text: bankruptcy@td.com Nov 14 2017 22:31:18     TD Bank, N.A.,   Attn: Bankruptcy,
                 32 Chestnut St,   Lewiston, ME 04243
                                                                                                TOTAL: 14
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address  
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2            User: admin              Page 2 of 2                  Date Rcvd: Nov 14, 2017
                                Form ID: pdf901          Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2017                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 10, 2017 at the address(es) listed below:

```
          Denise E. Carlon    on behalf of Creditor   Ditech Financial LLC dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          James Patrick Shay    on behalf of Creditor    BANK OF AMERICA, N.A. james.shay@phelanhallinan.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Nicholas Fitzgerald    on behalf of Debtor Qaisar A. Bhatti nickfitz.law@gmail.com
          Rebecca Ann Solarz    on behalf of Creditor    Ditech Financial LLC rsolarz@kmllawgroup.com
          Sarah J. Crouch    on behalf of Debtor Qaisar A. Bhatti nickfitz.law@gmail.com,
           nadiafinancial@gmail.com;fitzgeraldnj@stratusbk.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 7
```